IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WESLEY C. OATMAN, ) | |
|    Petitioner ) | Case No. 7:19-cv-563 |
| ) | |
| v. ) | |
| ) | |
| ) | |
| WARDEN LOU, ) | By: Michael F. Urbanski |
| ) |     Chief United States District Judge |
|    Respondent ) | |

## MEMORANDUM OPINION

This case is before the court on pro se petitioner Wesley C. Oatman's request for habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] ECF No. 1. On November 1, 2019, Respondent, the Warden of the United States Penitentiary in Lee County, Virginia ("the Warden"), filed a motion to dismiss Oatman's petition, ECF No. 11, to which Oatman did not respond. For the reasons set forth below, the court **GRANTS** Respondent's motion to dismiss and **DISMISSES without prejudice** Oatman's request for habeas relief.

## BACKGROUND

On August 19, 2015, Oatman, along with several other defendants, was indicted in the United States District Court for the District of Minnesota on multiple charges related to

---

[1] At the time Oatman filed his petition, he was incarcerated in the United States Penitentiary in Lee County, Virginia, which is in the Western District of Virginia. He has since been moved to the United States Penitentiary in Atlanta, Georgia. However, this court retains jurisdiction and venue is proper here. See Sweat v. White, 829 F.2d 1121(4th Cir. 1987) (per curiam) (noting that jurisdiction attaches on the initial filing for habeas corpus relief and is not destroyed by a transfer of the petitioner and the accompanying custodial change). Also, despite the court's finding that it lacks jurisdiction to adjudicate Oatman's claim on the merits, federal courts have jurisdiction to determine their own jurisdiction. United States v. United Mine Workers of America, 330 U.S. 258, 292 n. 57 (1947); In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).

distribution of heroin and money laundering. ECF No. 1 in United States v. Bracy, 0:15-cr-235 (D. Minn., filed Aug. 19, 2015). On November 25, 2015, Oatman entered into a plea agreement where he pled guilty to Count 1 of the indictment, conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846. Id., ECF No. 172, ¶ 1. The plea agreement noted that if Oatman were not considered a career offender, his sentencing guidelines range would be 168 to 210 months. If he were considered a career offender, his guidelines range would be 262 to 327 months. Id., ECF No. 172, ¶ 6. On June 7, 2016, Oatman was sentenced to 220 months incarceration. Id., ECF No. 318. This sentence reflected a finding by the trial court that Oatman was considered a career offender, but the court also varied downward from the guidelines sentence. Id., ECF No. 341, pp. 2-3, 16.

Oatman filed a direct appeal challenging the career offender enhancement, and the Seventh Circuit Court of Appeals affirmed the conviction on July 12, 2017. Id., ECF Nos. 368, 369. Oatman sought a writ of certiorari to the United States Supreme Court but it was denied on January 24, 2018. Id., ECF No. 407. Oatman next filed a motion for extension of time to file a 28 U.S.C. § 2255 motion in the district court but it was denied on December 28, 2018. Id., ECF Nos. 433, 434. Oatman filed nothing further in that case.

Oatman filed the instant petition on August 14, 2019 and argues that he is actually innocent of the career offender enhancement and that he was sentenced in a manner that was contrary to 28 U.S.C. § 994(h). He claims that his career offender designation was based on a prior state drug offense and § 994(h) specifies that only prior federal drug offenses may be used for career offender purposes. He asks that his sentence be vacated and that he be

resentenced without the career offender designation. In his motion to dismiss, the Warden asserts that this court lacks jurisdiction over Oatman's petition and that it should be dismissed.

## DISCUSSION

"[I]t is well-established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Only when § 2255 "proves inadequate or ineffective to test the legality of detention" may a federal prisoner pursue habeas relief under § 2241. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); 28 U.S.C. § 2241. However, the remedy provided by § 2255 is not inadequate or ineffective simply because a petitioner is procedurally barred from filing a § 2255 motion. Id. at 1194, n. 5.

Oatman is challenging his sentence based on the career offender guideline that was applied to him at sentencing, and therefore must proceed under § 2255. A § 2255 motion must be brought in the sentencing court. 28 U.S.C. § 2255(a); United States v. Edwards, 83 F. App'x 522 (4th Cir. 2003) (per curiam). Because Oatman was convicted and sentenced in the United States District Court in Minnesota, this court does not have jurisdiction over his claim. Nor does the fact that the one-year limitations period for filing a § 2255 petition has expired change that assessment, because being procedurally barred from filing a late petition does not make § 2255 inadequate or ineffective. Cleveland v. Cross, No. 5:09-cv-120, 2010 WL 3120062, *2 (N.D. W.Va. 2010) (citing United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000)). Accordingly, because this court lacks jurisdiction to hear Oatman's claim, it will be **DISMISSED without prejudice**.

## **CONCLUSION**

For the foregoing reasons, the court **GRANTS** the Warden's motion to dismiss, ECF No. 11, and **DISMISSES without prejudice** Oatman's § 2255 petition for lack of jurisdiction.

An appropriate Order will be entered.

Entered: June 25, 2020

Michael F. Urbanski
Chief United States District Judge